In the Matter of the Application of BROOKLYN BAR ASSOCIATION to Punish JACOB RATAFIA for Contempt, for Violation of Order of Disbarment.— By order of this court, entered January 23, 1939 [256 App. Div. 829], the respondent was disbarred and removed from the office of attorney and counsellor at law. The order, pursuant to the provisions of the Judiciary Law (§ 88, subd. 2), directed respondent "to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another, and he is forbidden for compensation or reward to appear as attorney or counselor at law before any court, judge, justice, board, commission or other public authority or to give to another his opinion as to the law or its application or any advice in relation thereto." On December 1, 1939, respondent was appointed temporarily as a process server in the referee section of the Unemployment Insurance Appeal Board of the New York State Department of Labor, and on July 8, 1940, he was appointed permanently to that position. On July 16, 1941, respondent was provisionally promoted to the position of senior law clerk. On December 10, 1941, respondent filed a sworn application with the New York State Department of Civil Service to take an examination for the position of senior law clerk. One of the questions on the application was: had the applicant "a license issued by any New York State Board of Examiners or other official board authorized by law to practice any  *  .  *  *  profession " and " If so, state nature of such license, by whom issued, date of issue *and expiration.*" In answer to that question respondent stated he had a license to practice law issued by this court, but he did not disclose he had been disbarred. Subsequently respondent passed the examination for the position of senior law clerk and was certified by the Department of Civil Service, and on April 1, 1942, he was appointed permanently to the position of senior law clerk. On March 9, 1944, respondent filed a sworn application with the Department of Civil Service to take a promotion examination for the position of principal law clerk, with knowledge that applicants for that position were required to be members of the Bar. In his application respondent stated he had a license to practice law issued by this court, but he again failed to disclose he had been disbarred. In answer to a question relating to his experience and duties, respondent stated: "Provisionally promoted to title on 7/16/41 — permanently 4/1/42. Examination and preparation of contested cases, preparatory to hearing before Referees, disposing of all applications for adjournments — Handling correspondence — initiating investigations — issuing subpœnas — legal research — determining proper parties to hearing." Later, when the fact of respondent's disbarment was brought to the attention of the Chairman of the Unemployment Insurance Appeal Board of the Department of Labor by the Grievance Committee of the Bar Association

of the City of New York, respondent withdrew his application. Petitioner — the Brooklyn Bar Association — moves to punish respondent for contempt in that he willfully disobeyed the order of this court entered January 23, 1939. In his answer and affidavit respondent admits the material facts heretofore set forth, but insists that in discharging his duties as senior law clerk he has not violated any of the provisions of the order. In support of this claim respondent submits the affidavits of two of his superiors, who state in substance that respondent's present duties are such that he is not engaged in the practice of the law. Some of the duties of the position of senior law clerk, as enumerated in respondent's application to the Department of Civil Service, conclusively establish a violation of the order of this court and we find such violation by respondent was willful. Accordingly respondent is ordered to desist from the further performance of such duties, and respondent is further ordered, within twenty days after the entry of the order hereon, to file with the clerk of this court proof of compliance with this direction. For the willful violation of this court's order, respondent must be adjudged to be in contempt, and is sentenced to five days' imprisonment, such imprisonment to commence thirty days after the entry of the order hereon. However, in the event that proof of compliance is filed, as directed, the execution of sentence will be suspended. Present — Close, P. J., Hagarty, Carswell, Johnston and Aldrich, JJ. Settle order on notice.